IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Victor Lamont Rogers, | ) | C.A. No.: 2:15-cv-00131-CMC-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Officer Quick; Lt. Jefferson, *SMU at* | ) | |
| *Evans Inst.*; and Officer Davis, | ) | |
| | ) | |
| Defendants. | ) | |

On or about January 7, 2015, Plaintiff, then an inmate at Lee Correctional Institution, filed the instant action. (*See* Dkt. No. 1.) On March 4, 2015, the undersigned issued an Order authorizing service of process. (Dkt. No. 6.) On April 29, 2015, the summonses were returned executed. (Dkt. No. 14.) Despite the foregoing, Defendants did not file an Answer or otherwise respond.

On October 7, 2015, the undersigned issued an Order that provided, *inter alia*,

> It has come to the attention of the Court that Plaintiff died at Lee Correctional Institution on or about March 17, 2015. Rule 25(a) of the Federal Rules of Civil Procedure provides as follows,
>
> **(1) Substitution if the Claim Is Not Extinguished**. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> **(2) Continuation Among the Remaining Parties**. After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.
>
> **(3) Service**. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

1

> FED. R. CIV. P. 25(a).
>
> No party has answered, and no one has requested substitution of parties. In light of the foregoing, it is ORDERED that, to the extent substitution is requested, a Motion for Substitution **must be made within <u>ninety</u> days of the date of this Order**. ***If no such motion is filed, the undersigned will recommend dismissal of the instant action***.
>
> The Clerk is directed to mail a copy of this order to Defendants at the addresses originally provided by Plaintiff on his proposed service documents. The Clerk is further directed to mail a copy of this order to Plaintiff at his last known address, as well as to Heirs of Victor Lamont Rogers, 69 Dorsey Avenue, Greenville, South Carolina 29611.

(Dkt. No. 15.) No filings were made in response to the Order dated October 7, 2015.

On February 22, 2016, a similar Order was issued; that Order stated, *inter alia*,

> No party has answered, and no one has requested substitution of parties. In light of the foregoing, it is ORDERED that, to the extent substitution is requested, a Motion for Substitution **must be made within <u>ninety</u> days of the date of this Order.** ***If no such motion is filed, the undersigned will recommend dismissal of the instant action***.
>
> The Clerk is directed to mail a copy of this order to Defendants at the addresses originally provided by Plaintiff on his proposed service documents. The Clerk is further directed to mail a copy of this order to Plaintiff at his last known address, as well as to the following addressees:
>
> > Heirs of Victor Lamont Rogers
> > 69 Dorsey Avenue
> > Greenville, South Carolina 29611
> >
> > Pamela Ann Stroud
> > 409 Florida Avenue
> > Greenville, South Carolina 29611
> >
> > E. Powers Price, Esquire
> > 644 E. Washington Street
> > Greenville, SC 29601
>
> IT IS SO ORDERED.

(Dkt. No. 22 at 1-2.) That Order noted that "[a]ccording to the Probate Case Search of the Greenville County Probate Court, Ms. Stroud is the Personal Representative of Mr. Rogers' Estate, and Mr. Price is the attorney for the Estate." (Dkt. No. 22 at 2 n.1.)

More than ninety days have passed since the undersigned's Order of February 22, 2016, and no motion for substitution has been filed. The undersigned therefore RECOMMENDS that the instant action be dismissed without prejudice. The Clerk is further directed to mail a copy of this Report and Recommendation to Plaintiff at his last known address, as well as to the following: (1) Heirs of Victor Lamont Rogers, 69 Dorsey Avenue, Greenville, South Carolina 29611; (2) Pamela Ann Stroud, 409 Florida Avenue, Greenville, SC 29611; and (3) E. Price Powers, 644 E. Washington Street, Greenville, SC 29601.

IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

June 6, 2016
Charleston, South Carolina

**Please see the important notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).